DICKIE v. STATE.   (No. 3700.)

(Court of Criminal Appeals of Texas. Oct. 20, 1915.)

ASSAULT AND BATTERY ☞91—PROSECUTION—EVIDENCE.

Evidence *held* to warrant a conviction of assault.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 136; Dec. Dig. ☞91.]

Appeal from Throckmorton County Court; B. F. Thorp, Judge.

A. Dickie was convicted of simple assault, and he appeals. Affirmed.

T. J. Wright, of Throckmorton, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of a simple assault, and his punishment assessed at a fine of $5. There were no exceptions reserved to the introduction of testimony, and no exception reserved to the charge of the court as given. The only special charge requested was given. So the only question we can pass on is the sufficiency of the testimony.

Jim Woodard testified that appellant came to the farm where he was at work (he being a tenant of appellant) and began a conversation about some differences between them. After passing a few words, he says appellant said to him, "If you will come across the fence I will stamp hell out of you;" that he started, when appellant struck at him with a club about four feet long and as large as his arm. If the jury believed this state of facts, it constituted an assault. Of course, appellant's testimony presents an entirely different state of case; but the defense's issues were presented in language chosen by appellant, the court giving the special charge requested.

The judgment is affirmed.

---

MUNOZ v. STATE.   (No. 3710.)

(Court of Criminal Appeals of Texas. Oct. 20, 1915.)

1. CRIMINAL LAW ☞1054—APPEAL—EXCEPTIONS—NECESSITY.

The court on appeal cannot review the admission of evidence, alleged as ground for a new trial, to which no exceptions were preserved on the trial below.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2662–2664; Dec. Dig. ☞1054.]

2. CRIMINAL LAW ☞762—TRIAL—INSTRUCTIONS—OPINION OF COURT.

An instruction that appellant "stands charged by indictment with the offense of the murder of S. G., alleged to have been committed by him," does not suggest to the jury the opinion of the court that the defendant was guilty.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1750, 1754, 1758, 1759, 1769; Dec. Dig. ☞762.]

3. CRIMINAL LAW ☞1137—TRIAL—INSTRUCTIONS—INVITED ERROR.

Where the court, on defendant's request, charges that his failure to testify shall not be taken as a circumstance against him, defendant cannot show error in the invited charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3007–3010; Dec. Dig. ☞1137.]

Appeal from District Court, Atascosa County; F. G. Chambliss, Judge.

Romaldo Munoz was convicted of murder, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of murder, and his punishment assessed at 25 years' confinement in the state penitentiary.

[1] As there was no exception reserved to the introduction of the testimony of the witness John Slomschinskie, the complaint in regard to same, in the motion for new trial, does not present the matter in a way we can review the action of the court.

[2] In the beginning paragraph of the charge of the court he informed the jury that:

"Appellant stands charged by indictment with the offense of the murder of Sapriano Gonzales, alleged to have been committed by him."

This does not suggest to the jury that in the opinion of the court appellant was guilty, as contended in the complaint, of the charge.

[3] As appellant requested the court to instruct the jury that his failure to testify should not be taken as a circumstance against him, certainly the court so doing presents no error.

The judgment is affirmed.

---

LUTTRELL v. STATE.   (No. 3729.)

(Court of Criminal Appeals of Texas. Oct. 20, 1915.)

INTOXICATING LIQUORS ☞236—PROHIBITION TERRITORY — PURSUING OCCUPATION—EVIDENCE.

Evidence, on a prosecution for pursuing the business of selling intoxicating liquor in prohibition territory, *held* to support a conviction, especially when aided by plea of guilty.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. ☞236.]

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

Hugh Luttrell was convicted, and appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory. He entered a plea of guilty, and

asked that his sentence be suspended. The jury declined to do so, but on the other hand recommended it be not suspended. He appealed the case, and now insists the testimony is insufficient to support a verdict. Will Webb says he went to Dallas and brought back and delivered to appellant two cases of whisky, and a barrel of beer—$51 worth. Tiff Gordon also testifies to the same fact. W. A. Carey, M. A. Townsend, and others testify to purchasing beer and whisky from appellant at his cold drink stand. Deputy Sheriff Mitchell testifies to raiding appellant's place of business and finding over 200 pints of whisky, 150 quarts of whisky, and a large amount of beer in bottles.

The evidence supports the verdict, especially when aided by the plea of guilty.

The judgment is affirmed.

MILES v. STATE.    (No. 3727.)

(Court of Criminal Appeals of Texas.    Oct. 20, 1915.)

1. WEAPONS ☞17 — CARRYING WEAPONS— PROSECUTION—INSTRUCTIONS.

Defendant, charged with carrying a pistol, produced evidence that the pistol was defective, and that it could not be fired, and requested an instruction that if the jury so believed, they should acquit him. The judge refused in any way to submit the issue thus made. Held, that the question was for the jury, and refusal to submit it to the jury was error.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 20, 22–33; Dec. Dig. ☞17.]

2. WEAPONS ☞8 — CARRYING PISTOLS—DEFECTIVE PISTOL.

It is not an offense to carry a pistol either so defectively manufactured or in such bad repair that it cannot be fired at all.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 7; Dec. Dig. ☞8.]

Appeal from Ellis County Court; W. M. Tidwell, Judge.

Lee Miles was convicted of carrying a pistol, and appeals. Reversed and remanded.

J. C. Lumpkins, of Waxahachie, for appellant.    C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.    Appellant was convicted of carrying a pistol, and fined $100. The testimony showed he carried, at the time alleged, what all the witnesses called a pistol, and so did he. He and other witnesses further testified that it would not shoot and could not be made to shoot, and that they had both before, and about the time he was charged with carrying it, and soon afterwards, tried time and again to shoot it, but it would not shoot and could not be made to shoot; that the plunger was so short it would not strike the cap and explode the cartridge.

[1] Appellant, in due time, prepared in writing and presented to the judge special charges, submitting to the jury, in effect, that if they believed from the evidence the pistol was so defective in the particular claimed that it could not be fired or discharged, and could not be used for the purpose for which pistols are manufactured and sold, to acquit him. The judge refused all his special charges submitting this issue, and expressly refused to submit that issue at all. Appellant timely excepted to the court's charge and to the court's refusal to give any of his said charges, by proper bills. It may be the judge did not believe appellant and his witnesses on this point, as the pistol was itself introduced in evidence, and it may be the jury also might not have believed them. However, we believe it was necessary for the court, by proper charge, to submit the question to the jury for them to decide it. He could not do so himself, whatever his belief as to the facts.

[2] Possibly this exact question has not been before decided by this court, but the decisions are that it is not an offense to carry a pistol if it is so out of repair that it cannot be fired at all, and this, it seems, would include the fact, if so, that it was so defectively manufactured that it could not be fired at all. Cook v. State, 11 Tex. App. 19; Blackburn v. State, 58 Tex. Cr. R. 48, 124 S. W. 666; Farris v. State, 64 Tex. Cr. R. 530, 144 S. W. 249. Other cases are to the same effect. It was not held, nor intended to be held otherwise, in Steele v. State, 73 Tex. Cr. R. 352, 166 S. W. 511.

The judgment is reversed, and the cause remanded.

Ex parte LONG.    (No. 3714.)

(Court of Criminal Appeals of Texas.    Oct. 13, 1915.    Rehearing Denied Nov. 3, 1915.)

1. HABEAS CORPUS ☞85—PROCEEDINGS—NECESSITY OF EVIDENCE.

No evidence being offered to sustain the allegations of applicant for writ of habeas corpus, it must be presumed that the judgment committing him for contempt was correct.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. ☞85.]

2. HABEAS CORPUS ☞113 — STATEMENT OF FACTS.

A transcript of the stenographer's notes attached to an application for writ of habeas corpus, not being agreed to by the attorneys nor approved by the judge as a statement of facts, cannot be considered as such.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. ☞113.]

Original habeas corpus proceeding by W. J. Long.    Applicant remanded to custody.

T. C. Hutchings, of Mt. Pleasant, for applicant.    C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.    In vacation Long applied to one of the judges of this court for a writ of habeas corpus, alleging that he was illegally restrained of his liberty, in that, in substance, the court required him, as a